After consideration, the President delivered the opinion of the Court as follows.
Shippen, President.
—The case comes before us on a rule to shew cause, why the proceedings on a Scire Facias on an assigned mortgage, should not be staid, on payment of the principal and interest due on the mortgage? It is contended, on the part of the plaintiff, that a subsequent debt having been contracted with the assignee of the mortgage, the rule should not be granted, till such subsequent debt be first paid.
Being a Court of law, we cannot take upon ourselves to act as a Court of chancery. We have no power to foreclose the equity of redemption, or to impose terms upon a mortgagor applying to redeem. The Courts of law in England have never done it, but under the act of Parliament of 7 G. 2. c. 20. made for the more easy redemption and foreclosure of mortgages. Under this act, when an ejectment is brought for the recovery of lands mortgaged, if the mortgagor shall become defendant in the ejectment, and shall at any time pending the action pay the principal and interest money due on the mortgage, or bring it into Court, such money shall be taken in full discharge and satisfaction of the mortgage, and the Court shall discharge the mortgagor and compel the mortgagee to surrender and re-convey the mortgaged premises. There is a case under this act which has not been cited at the bar, and which is rather fuller to the point, than any that have been cited: It is in 2 Barn. No. 147. where “a rule on the statute of “ 7. G. 2. to shew cause why proceedings should not be staid on “payment of the mortgage-money and costs, was made absolute; “the lessors of the plaintiff, assignees of the mortgagee, insisted to “be paid a bond and simple contract debt due to themselves in “their own right:—Per Curiam: a bond is no lien in equity, unless “when the heir comes to redeem.”
The Courts of law in this state, have in some instances adopted the chancery rules, to prevent the absolute failure of justice. But in this case, there is no necessity to usurp the powers of a Court of chancery. We have a positive act of Assembly directing the mode of proceeding upon mortgages, intirely different from the *145 modes prescribed in England. This act expressly confines the remedy of the mortgagee to the recovery of the principal and interest due on the mortgage; and the proceedings under the law shew the uniform construction of it. The Scire Facias is to shew cause why the land should not be sold for payment of the principal and interest due on the mortgage: When judgment is obtained, the levari facias is to levy the principal and interest money only. There is no penalty, no judgment for a penalty, and we might as well refuse to stay proceedings in a suit on a single bill, till a subsequent debt was discharged, as in this case of a mortgage. Upon the execution in both cases, no more can be levied than the principal and interest.
Rule made absolute.